■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNON TUCKER, Appellant. [597 NYS2d 21] —Judgment, Supreme Court, New York County (Richard Lowe, III, J., at hearing; Albert Williams, J., at trial), rendered June 28, 1991, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him as a second felony offender to a term of 4½ to 9 years, unanimously affirmed.

In this buy-and-bust operation, defendant was arrested moments after having made a sale of crack to an undercover officer. The officer provided a detailed description of the location and of defendant, as well as noting that defendant had removed orange-topped vials from a brown paper bag. The backup unit, arresting defendant moments later, found a brown paper bag containing orange-topped vials at defendant's feet. Defendant initially declared that the bag was not his, then stated his belief that since the vials were not recovered from his person, he could not be accused of possessing them. The undercover officer confirmed the identification moments later in a drive-by. Initially, since this was only a confirmatory identification, by a trained undercover officer who had engaged in a face-to-face transaction with the defendant, these facts would not have required a *Wade* hearing *(People v Wharton,* 74 NY2d 921). Nor, generally, does a defendant have an absolute right to call an identification witness at a *Wade* hearing *(People v Chipp,* 75 NY2d 327). Thus, we reject defen-

dant's contention that he should have been able to call the undercover officer as a witness at the hearing. Defendant's contention that he had sought leave to subpoena other members of the police team is not supported by a reviewable record *(People v Kinchen,* 60 NY2d 772, 774, citing *People v Charleston,* 54 NY2d 622, 623). The only record made concerning this purported pretrial application was defendant's reference to the same at sentencing. We conclude from the lack of a reviewable record that defendant's claim is meritless *(People v Olivo,* 52 NY2d 309, 320).

By failing to challenge the court's response to the jury's note indicating deadlock on the basis that the court was required to provide a full *Allen* charge, defendant has failed to preserve this claim for review and we decline to review it in the interest of justice. Were we to review this claim, we would find it to be without merit. The supplemental instruction, which only encouraged the jury to reach a just verdict *(People v Ford,* 78 NY2d 878, 880, *affg* 161 AD2d 262, 264), without singling out dissenting jurors or otherwise coercing the jury, was a proper response. Nor did the court err in summarily denying defendant's motion to set aside the verdict. Defendant submitted no evidence indicating the existence of improper outside influences (CPL 330.40 [2] [e] [ii]; *compare, People v Redd,* 164 AD2d 34).

Defendant's remaining claims are either unpreserved or meritless. Concur—Milonas, J. P., Rosenberger, Ross and Kassal, JJ.