[999 NE2d 1184, 977 NYS2d 739]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD JONES, Appellant.

Argued October 9, 2013; decided November 19, 2013

## POINTS OF COUNSEL

*Robert S. Dean, Center for Appellate Litigation*, New York City (*David J. Klem* of counsel), for appellant. I. The appeal should have been dismissed as untimely because the People failed to file a notice of appeal or obtain reconsideration within 30 days of service on them of the decision reducing the count of the indictment. (*Kilmer v Hathorn*, 78 NY 228; *People v Coaye*, 68 NY2d 857; *People v Singleton*, 72 NY2d 845; *People v Elmer*, 98 AD3d 810, 19 NY3d 501, 20 NY3d 1011; *People v Washington*, 86 NY2d 853; *People v Torres*, 179 AD2d 358; *People v Stevenson*, 176 AD2d 516; *Matter of De Luca v Caputa*, 8 NY2d 1020; *McCoy v Metropolitan Transp. Auth.*, 75 AD3d 428; *Reid v Presbyterian Hosp. in City of N.Y.*, 254 AD2d 139.) II. An individual previously convicted of a crime who possesses a loaded gun in his home or place of business is guilty of third degree, but not second degree, criminal possession of a weapon. (*People v Powell*, 54 NY2d 524; *People v Lamont*, 21 AD3d 1129; *People v Hedgeman*, 70 NY2d 533.) III. The indictment was jurisdictionally defective in failing to include elements within its body and the special information attached to the indictment was improperly utilized. (*People v Sanchez*, 84 NY2d 440; *People v Iannone*, 45 NY2d 589; *People v Kohut*, 30 NY2d 183; *People v Santana*, 7 NY3d 234; *People v Cooper*, 78 NY2d 476; *Old Chief v United States*, 519 US 172; *People v Santorelli*, 80 NY2d 875.)

*Cyrus R. Vance, Jr., District Attorney*, New York City (*David P. Stromes* and *Patrick J. Hynes* of counsel), for respondent. I. A defendant who has been previously convicted of any crime commits second degree possession of a weapon under Penal Law § 265.03 (3) by possessing a loaded firearm in his home. (*People v Hughes*, 83 AD3d 960, 19 NY3d 961; *People v Lamont*, 21 AD3d 1129; *People v Sams*, 19 Misc 3d 1133[A], 2008 NY Slip Op 50993[U]; *People v Montilla*, 10 NY3d 663.) II. Defendant's efforts to avoid a merits decision by seeking reversal of the Appellate Division's decision on other grounds must be rejected. (*People v Goodfriend*, 64 NY2d 695; *People v Washington*, 86 NY2d 853; *People v Aubin*, 245 AD2d 805; *People v Bowden*, 28 Misc 3d 1204[A], 2010 NY Slip Op 51147[U]; *People v Ashe*, 187 Misc 2d 532; *People v Singleton*, 72 NY2d 845; *People v Lynch*, 195 Misc 2d 814; *People v Coaye*, 68 NY2d 857; *People v Elmer*, 19 NY3d 501; *Flisch v Walters*, 42 AD3d 682.)

**OPINION OF THE COURT**

SMITH, J.

Defendant was charged with criminal possession of a weapon in the second degree for possessing a loaded firearm. The alleged possession occurred in his home, but defendant had previously been convicted of a crime. He claims that under Penal Law § 265.03 (3) he is entitled, despite his prior conviction, to rely on the so-called "home or business" exception in the definition of second degree weapon possession. We reject that argument and hold that defendant's indictment for second degree possession was proper.

I

Defendant was charged in two indictments with a variety of crimes, but only a single count is now before us. That count was based on evidence before the grand jury that a loaded gun was found in a bathroom; the bathroom, it is now conceded, was part of defendant's home. The indictment alleges simply that defendant committed criminal possession of a weapon in the second degree in violation of Penal Law § 265.03 (3) in that he "possessed a loaded firearm." With the indictment, the People filed a special information, alleging that defendant had previously been convicted of criminal possession of a controlled substance in the first degree.

Supreme Court, concluding that possession of the weapon in defendant's home did not constitute second degree possession, reduced the charge to third degree possession. On the People's appeal, the Appellate Division reversed and reinstated the second degree charge (*People v Jones*, 103 AD3d 411 [1st Dept 2013]). A Judge of this Court granted leave to appeal (21 NY3d 944 [2013]), and we now affirm.

II

Before reaching the merits of the appeal, we must consider a jurisdictional issue. Defendant says that the People's appeal to the Appellate Division was untimely, and that therefore the Appellate Division could not consider it. He says that the appeal was not taken "within [30] days after service upon [the People] of a copy" of Supreme Court's order reducing the second degree count to third degree possession (CPL 460.10 [1] [a]).

Defendant's theory is that the 30-day time to appeal began running when, according to defendant's brief, Supreme Court "provided copies" of its order "to the parties in open court." In

fact, the record does not show that the court did any such thing. At the transcript page defendant cites, the court only says that there is "a decision on file." But even if the factual premise of defendant's argument were correct, his argument would have no merit. We have interpreted CPL 460.10 (1) (a) "to require prevailing party service"—not just the handing out of an order by the court—"to commence the time for filing a notice of appeal" (*People v Washington*, 86 NY2d 853, 854 [1995]). Here, it is undisputed that defendant, the prevailing party at Supreme Court, never served the order on the People.

## III

On the merits, this appeal requires us to interpret the "home or business" exception to the second degree weapon possession statute, Penal Law § 265.03 (3). Under that statute:

> "A person is guilty of criminal possession of a weapon in the second degree when: . . .

> "(3) such person possesses any loaded firearm. Such possession shall not, except as provided in subdivision one . . . of section 265.02 of this article, constitute a violation of this subdivision if such possession takes place in such person's home or place of business."

Section 265.02 (1), to which the above quoted language refers, defines criminal possession of a weapon in the third degree. Under Penal Law § 265.02 (1), a person is guilty of third degree criminal possession when he or she "commits the crime of criminal possession of a weapon in the fourth degree . . . and has been previously convicted of any crime." The Appellate Division read the reference in section 265.03 (3) to section 265.02 (1) as creating an exception to the home or business exception—i.e., to make that exception inapplicable when the defendant has a previous criminal conviction. We agree with this reading of the statute.

The language of the statute, fairly read, supports the Appellate Division's holding. The home or business exception is qualified by the words "except as provided in subdivision one . . . of section 265.02" and section 265.02 (1) applies to a person who "has been previously convicted of any crime." Thus such a person may not rely on the home or business exception in a prosecution under Penal Law § 265.03 (3).

Defendant would have us read the "except as provided" phrase of section 265.03 (3) not as excluding certain cases from

the home or business exception, but as stating the fact that those cases are covered by the third degree statute, Penal Law § 265.02 (1). Thus defendant would paraphrase the statute as saying: "possession in the home or place of business is not second degree possession, but it is third degree possession, as Penal Law § 265.02 (1) says." This argument alters the plain meaning of the statutory words: it reads the word "except" out of Penal Law § 265.03 (3). The argument also makes the statute a strange one. Why should the law defining second degree possession include a remark about what the third degree statute says? It is not the normal function of a Penal Law section to provide information about what other sections contain.

Defendant argues that his reading of the statute is less strange when the history of Penal Law § 265.03 (3) is considered. Until 2006, possession of a loaded firearm outside of one's home or place of business was third degree possession only, and the predecessor statute to Penal Law § 265.03 (3) was a subdivision of Penal Law § 265.02 (*see* former Penal Law § 265.02 [4], as repealed by L 2006, ch 742). At that time, subdivisions (1) and (4) of Penal Law § 265.02 said that a person commits the third degree offense when:

> "(1) Such person commits the crime of criminal possession of a weapon in the fourth degree . . . and has been previously convicted of any crime; or . . . .

> "(4) Such person possesses any loaded firearm. Such possession shall not, except as provided in subdivision one . . . constitute a violation of this section if such possession takes place in such person's home or place of business."

Thus, until 2006, Penal Law § 265.02 (1) governed the case where a defendant convicted of a prior crime possessed a firearm (loaded or unloaded) in his home or place of business. The "except as provided" phrase in subdivision (4) was necessary to make clear that the home or business exception did not apply to subdivision (1).

When former Penal Law § 265.02 (4) was repealed and replaced by section 265.03 (3), the legislature tracked the language of the former statute. It retained the "except as provided" phrase, altering it to refer to "subdivision one . . . of section 265.02." On defendant's theory, the phrase was no longer necessary, because the two subdivisions were now in different sections, but the legislature, in mechanically transposing

language, overlooked this. Defendant says that the legislature did not intend to change the meaning of the "except as provided" phrase, which he says still means, as it did before the 2006 legislation, that Penal Law § 265.02 (1) governs cases like the one before us.

Defendant's speculation—essentially, that the 2006 legislature blundered—is contradicted by legislative history showing that the legislature knew precisely what it was doing. A month and a half after enacting Penal Law § 265.03 (3), the 2006 legislature amended it to correct an error. The Senate sponsor of the corrective legislation provided a memorandum in its support, in which he described the purpose of section 265.03 (3). The new subdivision was, he said, "intended to increase the penalty for criminal possession of a loaded firearm under the circumstances where . . . [a] person possesses a loaded firearm in his home or place of business and has previously been convicted of a crime" (Senate Introducer Mem in Support, Bill Jacket, L 2006, ch 745 at 3). Thus a memorandum by a knowledgeable legislator virtually contemporaneous with the enactment of Penal Law § 265.03 (3) describes it as meaning what it says. We hold that interpretation to be correct.

## IV

Defendant also argues that, regardless of the meaning of the home or business exception, the indictment here is insufficient because it does not allege defendant's prior criminal conviction. It is improper, defendant says, to allege that conviction separately, in a special information. The Appellate Division held the special information proper under CPL 200.60, which says that a previous conviction shall not be included in an indictment, but in a special information, where that previous conviction "raises an offense of lower grade to one of higher grade and thereby becomes an element of the latter." (CPL 200.60 [1].)

We see no need to decide the CPL 200.60 question, because in our view defendant's previous conviction was not an "element of the offense charged"—criminal possession of a weapon in the second degree—and so did not have to be alleged at all (*see* CPL 200.50 [7] [a]). No doubt, in a more typical second degree possession case, where the home or business exception is factually inapplicable—i.e., where the alleged possession took place somewhere else—the inapplicability of the exception is an

element of the offense, and either the indictment or a special information must allege the fact that makes it inapplicable. But where the defendant has a previous conviction, the exception never comes into play, its inapplicability is not an element of the offense, and the indictment need not allude to it.

Accordingly, the order of the Appellate Division should be affirmed.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, PIGOTT and RIVERA concur; Judge ABDUS-SALAAM taking no part.