People v Ferguson (2021 NY Slip Op 02563)





People v Ferguson


2021 NY Slip Op 02563


Decided on April 29, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 29, 2021

109483 112348
[*1]The People of the State of New York, Respondent,
v
Edward Ferguson, Appellant.

Calendar Date:March 18, 2021

Before:Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ.

Sandra M. Colatosti, Albany, for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.



Clark, J.
Appeals (1) from a judgment of the County Court of Rensselaer County (Young, J.), rendered April 17, 2017, upon a verdict convicting defendant of the crimes of aggravated vehicular homicide (two counts), vehicular manslaughter in the first degree, aggravated vehicular assault, vehicular assault in the first degree, manslaughter in the second degree, assault in the third degree, reckless driving and driving while intoxicated (two counts), and the traffic infractions of failure to yield and moving from lane unsafely, and (2) by permission, from an order of said court, entered May 12, 2020, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
In January 2016, defendant was charged by indictment with various crimes and traffic infractions based upon allegations that, on an afternoon in July 2015, he operated a motor vehicle while intoxicated and made a left-hand turn in front of an oncoming vehicle, thereby causing a collision and the death of one of his passengers, as well as serious physical injuries to the driver of the oncoming vehicle. Following a jury trial, defendant was convicted of aggravated vehicular homicide (two counts), vehicular manslaughter in the first degree, aggravated vehicular assault, vehicular assault in the first degree, manslaughter in the second degree, assault in the third degree, reckless driving, driving while intoxicated (two counts), failure to yield and moving from lane unsafely. County Court sentenced defendant to various concurrent prison terms, the longest of which was 8&frac13; to 25 years for each count of aggravated vehicular homicide. Defendant thereafter moved, pursuant to CPL 440.10, to vacate the judgment of conviction. County Court denied the motion without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the order denying his CPL 440.10 motion.
Defendant argues that his convictions for aggravated vehicular homicide, vehicular manslaughter in the first degree, aggravated vehicular assault and vehicular assault in the first degree are not supported by legally sufficient evidence and are against the weight of the evidence. Specifically, he asserts that the evidence failed to establish that he engaged in reckless driving, as is required for aggravated vehicular homicide and aggravated vehicular assault (see Penal Law §§ 125.14, 120.04-a), or that, as a result of intoxication, he operated a motor vehicle in a manner that caused the death of his passenger and serious physical injury to the driver of the oncoming vehicle. Upon review of the evidence, we find defendant's contentions to be unpersuasive.
"When assessing the legal sufficiency of a jury verdict, we view the facts in the light most favorable to the People and examine whether 'there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt'" (People v Lendof[*2]-Gonzalez, 36 NY3d 87, 91-92 [2020], quoting People v Danielson, 9 NY3d 342, 349 [2007]). In a weight of the evidence analysis, we view the evidence in a neutral light and determine whether a different verdict would have been unreasonable; if a different verdict would not have been unreasonable, we weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony to determine if the verdict is supported by the weight of the evidence (see People v Henry, 173 AD3d 1470, 1473 [2019], lv denied 34 NY3d 932 [2019]; People v Peryea, 68 AD3d 1144, 1146-1147 [2009], lv denied 14 NY3d 804 [2010]).
To convict defendant of the two counts of aggravated vehicular homicide charged in counts 1 and 5 of the indictment,[FN1] the People had to demonstrate that defendant engaged in reckless driving, as that term is defined in Vehicle and Traffic Law § 1212, that he committed vehicular manslaughter in the second degree (see Penal Law § 125.12), that he had been convicted of violating Vehicle and Traffic Law § 1192 within the preceding 10 years and that he caused the death of one person and the serious physical injury of another (see Penal Law § 125.14 [3], [5]). As for defendant's conviction of vehicular manslaughter in the first degree under count 7 of the indictment, the People had to establish that defendant committed vehicular manslaughter in the second degree and that he had been convicted of violating Vehicle and Traffic Law § 1192 within the preceding 10 years (see Penal Law § 125.13 [3]). As pertinent here, a defendant commits vehicular manslaughter in the second degree when he or she operates a motor vehicle in an intoxicated condition and/or with a blood alcohol content of .08 of 1% or more in violation of Vehicle and Traffic Law § 1192 (2) or (3) and, as a result of such intoxication, operates the vehicle "in a manner that causes the death of" another person (Penal Law § 125.12 [1]).
Additionally, defendant's conviction for aggravated vehicular assault under count 8 of the indictment required proof that he engaged in reckless driving, that he committed vehicular assault in the second degree and that he had been convicted of violating Vehicle and Traffic Law § 1192 within the preceding 10 years (see Penal Law § 120.04-a [3]). For defendant's conviction of vehicular assault in the first degree under count 9 of the indictment, the People had to prove that defendant committed vehicular assault in the second degree and that he had been convicted of violating Vehicle and Traffic Law § 1192 within the preceding 10 years (see Penal Law § 120.04 [3]). As applicable here, "[a] person is guilty of vehicular assault in the second degree when he or she causes serious physical injury to another person, and . . . operates a motor vehicle" with a blood alcohol content of .08 of 1% or more and/or in an intoxicated condition in violation of Vehicle and Traffic Law § 1192 (2) or (3) "and, [*3]as a result of such intoxication . . . operates such motor vehicle . . . in a manner that causes such serious physical injury to such other person" (Penal Law § 120.03 [1]). As is relevant to counts 1, 5 and 8 of the indictment, reckless driving is defined as "driving . . . any motor vehicle . . . in a manner which unreasonably interferes with the free and proper use of the public highway" (Vehicle and Traffic Law § 1212).
Prior to trial, the People presented a special information demonstrating that, within the preceding 10 years, defendant had been twice convicted of driving while ability impaired in violation of Vehicle and Traffic Law § 1192 (1); defendant acknowledged and admitted those prior convictions. At trial, the People presented overwhelming evidence establishing that defendant was the driver of the vehicle that caused the accident. Specifically, numerous witnesses testified to either observing defendant in the driver's seat or watching him emerge from the driver's seat of the vehicle after the collision. Additionally, law enforcement officers and medical personnel testified to statements that defendant made after the accident, in which defendant acknowledged or indicated that he had been the driver of the vehicle. The People further introduced evidence demonstrating that DNA taken from the driver's seat belt and airbag matched that of defendant.
The People also presented ample evidence to conclude that
defendant was intoxicated at the time of the collision. Defendant's surviving passenger testified that defendant had consumed alcohol prior to driving and numerous witnesses who spoke with defendant in the aftermath of the collision testified to smelling the odor of alcohol on defendant's breath and observing other signs of intoxication, such as incoherent and slurred speech, impaired motor condition and glassy eyes. Additionally, a state trooper who responded to the accident testified that he administered a field sobriety test to defendant and that defendant failed the test. The evidence further established that defendant's blood was drawn roughly four hours after the accident pursuant to a court order and that defendant had a blood alcohol content of .14 of 1% at that time.
With regard to the collision itself, the People presented the testimony of several eyewitnesses to the collision, as well as an investigator who performed a collision reconstruction. Melanie Andrews, an eyewitness, testified that she was driving home from work when she observed defendant's vehicle pull onto the road behind her and follow her for a few miles. She stated that defendant's vehicle was tailgating her and that she observed defendant "driving sort of erratically back and forth between the white and yellow line[s]," at times crossing over the white line. She stated that she ultimately observed defendant "crank" the wheel and make an abrupt left-hand turn into oncoming traffic. Defendant's surviving passenger stated that, prior to making the [*4]turn, defendant let his foot off of the gas pedal, but did not apply the brakes. The driver of the oncoming vehicle asserted that defendant's left-hand turn was so sudden that he did not have time to hit the brakes. The investigator who performed the collision reconstruction testified that, based upon his investigation, he was able to determine that defendant took the left-hand turn at 42 miles per hour and that the oncoming vehicle was traveling at a rate of 55 miles per hour.
Contrary to defendant's contentions, Andrews' testimony regarding defendant's erratic driving, together with the evidence of defendant's intoxication and blood alcohol content hours after the collision, the speed at which defendant made the left-hand turn without braking and defendant's failure to yield to oncoming traffic provided a valid line of reasoning and permissible inferences from which the jury could conclude that defendant engaged in reckless driving and, as a result of intoxication, operated the vehicle in manner that caused the death of his passenger and serious physical injury to the driver of the oncoming vehicle (see Vehicle and Traffic Law § 1212; Penal Law §§ 120.03 [1]; 125.12 [1]; People v Hoffman, 130 AD3d 1152, 1155-1156 [2015], lv denied 26 NY3d 1009 [2015]; People v Goldblatt, 98 AD3d 823, 819-820 [2012], lv denied 20 NY3d 932 [2012]; cf. People v Caden N., 189 AD3d 84, 91-95 [2020], lv denied 36 NY3d 1050 [2021]). Upon consideration of the same evidence, as well as the overwhelming proof that defendant was operating the motor vehicle at the time of the collision, we find that it would have been unreasonable for the jury to have acquitted defendant of aggravated vehicular homicide, vehicular manslaughter in the first degree, aggravated vehicular assault and vehicular assault in the first degree (compare People v Caden N., 189 AD3d at 91-95). Thus, upon review of the evidence, we find that defendant's convictions for aggravated vehicular homicide, vehicular manslaughter in the first degree, aggravated vehicular assault and vehicular assault in the first degree are supported by legally sufficient evidence and are not against the weight of the evidence.
Next, as the People correctly concede, defendant's convictions for vehicular manslaughter in the first degree, reckless driving and driving while intoxicated under counts 7, 12, 13 and 14 of the indictment must be dismissed as inclusory concurrent counts of his convictions for aggravated vehicular homicide (see CPL 300.30 [4]; 300.40 [3] [b]; Penal Law §§ 125.13 [3]; 125.14 [3], [5]; Vehicle and Traffic Law §§ 1212, 1192 [2], [3]; People v Williams, 150 AD3d 1273, 1279 [2017], lv denied 29 NY3d 1135 [2017]). Similarly, defendant's conviction for vehicular assault in the first degree under count 9 of the indictment must be dismissed as an inclusory concurrent count of aggravated vehicular assault (see CPL 300.30 [4]; 300.40 [3] [b]; Penal Law §§ 120.04 [3]; 120.04-a [3]; People v Williams, 150 AD3d [*5]at 1279).
Defendant next argues that County Court should have granted his request to charge vehicular manslaughter in the first degree and driving while intoxicated as lesser included offenses of aggravated vehicular homicide. "A defendant is entitled to a lesser included offense charge upon request when (1) 'it is impossible to commit the greater crime without concomitantly committing the lesser offense by the same conduct' and (2) 'there [is] a reasonable view of the evidence to support a finding that the defendant committed the lesser offense but not the greater'" (People v Nisselbeck, 85 AD3d 1206, 1208 [2011], quoting People v Van Norstrand, 85 NY2d 131, 135 [1995]; see People v Almonte, 33 NY3d 1083, 1084 [2019]). Although vehicular manslaughter in the first degree under count 7 of the indictment and driving while intoxicated under count 10 of the indictment are lesser included offenses of aggravated vehicular homicide (see Penal Law §§ 125.12 [1]; 125.13 [3]; 125.14 [3]; Vehicle and Traffic Law § 1193 [3]; People v Goldblatt, 98 AD3d at 824 n 6), there is no reasonable view of the evidence from which to conclude that defendant did not engage in reckless driving (see Vehicle and Traffic Law § 1212) so as to support a finding that he committed vehicular manslaughter in the first degree and driving while intoxicated but not aggravated vehicular homicide (see Penal Law §§ 125.12 [1]; 125.13 [3]; 125.14 [3]; Vehicle and Traffic Law § 1193 [3]). As such, County Court did not err in denying defendant's request to charge vehicular manslaughter in the first degree and driving while intoxicated as lesser included offenses of aggravated vehicular homicide.
Defendant also contends that County Court improperly denied his request for a missing witness charge based upon the People's failure to call the passenger of Andrews' vehicle as a witness. When warranted, a missing witness charge "allows a jury to draw an unfavorable inference based on a party's failure to call a witness who would normally be expected to support that party's version of events" (People v Savinon, 100 NY2d 192, 196 [2003]; accord People v Smith, 33 NY3d 454, 458 [2019]). A missing witness charge is warranted where the proponent of the charge establishes that "(1) the witness's knowledge is material to the trial; (2) the witness is expected to give noncumulative testimony; (3) the witness is under the 'control' of the party against whom the charge is sought, so that the witness would be expected to testify in that party's favor; and (4) the witness is available to that party" (DeVito v Feliciano, 22 NY3d 159, 165-166 [2013]; see People v Gonzalez, 68 NY2d 424, 427 [1986]; People v Valentin, 173 AD3d 1436, 1440 [2019], lvs denied 34 NY3d 953, 954 [2019]). The opposing party can defeat the request for a missing witness charge by demonstrating, among other things, "that the testimony from the missing witness would be merely cumulative to other evidence" (People v Keen, 94 NY2d 533[*6], 539 [2000]; see People v Smith, 33 NY3d at 459).
We agree with the People that a missing witness charge was not warranted here, as testimony from the passenger of Andrews' vehicle would have been cumulative to the testimony given by Andrews. Both Andrews and the passenger observed defendant's driving from the same vehicle and vantage point. Moreover, Andrews' testimony demonstrated that she was the first one to observe defendant's driving, having pointed it out to her passenger. Defendant's assertion that the passenger "might" have been able to offer testimony that was different than that given by Andrews amounted to nothing more than conjecture. In addition, Andrews' passenger was not under the control of the People, and defendant was free to subpoena him to testify. Under these circumstances, we discern no abuse of discretion in County Court denying defendant's request for a missing witness charge (see People v Vega, 170 AD3d 1266, 1273 [2019], lv denied 33 NY3d 1074 [2019]; People v Jackson, 151 AD3d 1466, 1469 [2017], lv denied 30 NY3d 950 [2017]; People v Turner, 73 AD3d 1282, 1284 [2010], lv denied 15 NY3d 896 [2010]).
We need not be detained for long by the remaining issues raised by defendant on his appeal from the judgment of conviction. Inasmuch as the jury viewed dozens of aerial and on-the-ground photographs and collision reconstruction diagrams and heard testimony describing the accident scene, we find that County Court did not abuse its discretion in denying defendant's request to permit the jury to view the accident scene (see CPL 270.50 [1]; People v Young, 225 AD2d 1066, 1067 [1996], lv denied 88 NY2d 1026 [1996]). Nor do we find defendant's sentence to be harsh or excessive under the circumstances (see People v Hart, 266 AD2d 698, 701 [1999], lv denied 94 NY2d 880 [2000]). Despite having two prior convictions for driving while ability impaired, defendant once again chose to operate a motor vehicle after consuming alcohol, thereby causing the death of one of his passengers and serious physical injury to the driver of the oncoming vehicle. Contrary to defendant's contentions, we discern no abuse of discretion by County Court or extraordinary circumstances warranting a reduction of the sentence (see People v Peryea, 68 AD3d at 1147).
Turning to defendant's motion to vacate the judgment of conviction under CPL 440.10, defendant asserts that County Court should have conducted a hearing on his claim of ineffective assistance of counsel, which was based upon counsel's alleged failure to inform defendant of his maximum sentencing exposure before he rejected a favorable plea offer. In support of his claim, defendant offered nothing more than his unsubstantiated and self-serving allegations, which were countered by an affidavit from defendant's trial counsel (see People v Allen, 174 AD3d 815, 816 [2019], lvs denied 34 NY3d 978, 981 [2019]; compare People v Mobley, 59 AD3d 741, 742 [2009], lv denied 12 NY3d 856 [2009]; People [*7]v Perron, 273 AD2d 549, 550 [2000]). Under such circumstances, County Court did not abuse its discretion in denying defendant's CPL 440.10 motion without a hearing.
To the extent that we have not addressed any of defendant's remaining contentions, such contentions have been reviewed and found to be without merit.
Garry, P.J., Lynch, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is modified, on the law, by reversing defendant's convictions for vehicular manslaughter in the first degree, vehicular assault in the first degree, reckless driving and driving while intoxicated under counts 7, 9, 12, 13 and 14 of the indictment; said counts dismissed and the sentences imposed thereon vacated; and, as so modified, affirmed.
ORDERED that the order is affirmed.



Footnotes

Footnote 1: Although County Court renumbered the counts of the indictment prior to trial, we refer to the counts as they were originally numbered in the indictment.