People v Taylor (2022 NY Slip Op 04327)

People v Taylor

2022 NY Slip Op 04327

Decided on July 7, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 7, 2022

111707
[*1]The People of the State of New York, Respondent,
v
Mesha M. Taylor, Appellant.

Calendar Date:May 31, 2022

Before:Garry, P.J., Egan Jr., Clark, Aarons and McShan, JJ.

Kathryn Friedman, Buffalo, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Benjamin E. Holwitt of counsel), for respondent.

Clark, J.
Appeal from a judgment of the County Court of Broome County (Dooley, J.), rendered April 30, 2019, convicting defendant following a nonjury trial of the crimes of criminal possession of a weapon in the second degree, unlawful imprisonment in the second degree and menacing in the second degree.
Based upon his conduct in the early morning hours of May 18, 2018, defendant was indicted on the charges of criminal possession of a weapon in the second degree (count 1), criminal possession of a weapon in the third degree (count 2), unlawful imprisonment in the second degree (count 3) and menacing in the second degree (count 4). Defendant thereafter moved for an inspection of the grand jury minutes and dismissal of the indictment on the ground that the evidence before the grand jury was legally insufficient to support the indictment. Upon review of the grand jury minutes, County Court determined that the evidence presented to the grand jury was not legally sufficient to establish the crime of criminal possession of a weapon in the third degree. As a result, County Court reduced the charge to the crime of criminal possession of a weapon in the fourth degree and, upon motion by the People, ultimately dismissed that amended count. Defendant waived his right to a jury trial and a bench trial ensued, after which County Court found defendant guilty of all remaining charges in the indictment. County Court sentenced defendant, as a second felony offender, to a prison term of eight years, followed by five years of postrelease supervision, on his conviction for criminal possession of a weapon in the second degree and to lesser concurrent jail terms on the remaining convictions. Defendant appeals.
Defendant argues that the verdict is against the weight of the evidence. In a weight of the evidence analysis, we first determine whether, based upon all of the credible evidence, a different verdict would have been unreasonable and, if it would not have been, we then "'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony'" to determine if the verdict is supported by the weight of the evidence (People v Bleakley, 69 NY2d 490, 495 [1987], quoting People ex rel. MacCracken v Miller, 291 NY 55, 62 [1943]; see People v Campbell, 196 AD3d 834, 835 [2021], lvs denied 37 NY3d 1025 [2021]). "In making this assessment, '[g]reat deference is accorded to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor'" (People v Cole, 177 AD3d 1096, 1097 [2019], lv denied 34 NY3d 1015 [2019], quoting People v Bleakley, 69 NY2d at 495).
As relevant here, a person is guilty of criminal possession of a weapon in the second degree when he or she knowingly possesses a loaded and operable firearm (see Penal Law § 265.03 [3]; People v Longshore, 86 NY2d 851, 852 [1995]; see generally People v Saunders, 85 NY2d 339, 341-342 [1995]).[FN1] "[A] defendant may be [*2]found to possess a firearm through actual, physical possession or through constructive possession" — the latter of which "requires proof that the defendant exercised dominion or control over the property by a sufficient level of control over the area in which the [weapon] is found" (People v McCoy, 169 AD3d 1260, 1262 [2019] [internal quotation marks and citations omitted], lv denied 33 NY3d 1033 [2019]; see Penal Law § 10.00 [8]). Additionally, a person is guilty of unlawful imprisonment in the second degree when he or she "restrains another person" (Penal Law § 135.05). "'Restrain' means to restrict a person's movements intentionally and unlawfully in such manner as to interfere substantially with his [or her] liberty by moving him [or her] from one place to another, or by confining him [or her] either in the place where the restriction commences or in a place to which he [or she] has been moved, without consent and with knowledge that the restriction is unlawful" (Penal Law § 135.00 [1]). Lastly, a person is guilty of menacing in the second degree when "[h]e or she intentionally places or attempts to place another person in reasonable fear of physical injury, serious physical injury or death by displaying a deadly weapon, dangerous instrument or what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm" (Penal Law § 120.14 [1]).
At trial, the victim testified that she gave defendant — an acquaintance of hers — permission to stay overnight and that he thereafter left her home and "came back drunk." She stated that, after he returned to her home, defendant put a gun to her head, prevented her from leaving her home and threatened to kill her. The victim stated that she was able to contact her aunt and asked her aunt to call the police; however, according to the victim, when the police arrived, she was unable to call out for help because she was afraid that defendant would shoot her. The victim asserted that sometime thereafter she was able to flee her home and call 911. The evidence established that defendant followed the victim out of her home, calling her a "snitch."
The evidence, including testimony from the responding police officers, demonstrated that two 911 calls were made on the morning in question — one by a third party and one by the victim. The officers testified that they responded to the first call, but they were unable to make contact with the victim or anyone else in the home, as the house was quiet and dark and no one responded to their knocking. The officers testified that they responded to the second call roughly an hour later and that the victim met them in the street, at which point she reported that defendant had held a gun to her head. The officers each testified that the victim gave consent for a search of her home and that a loaded semiautomatic handgun was ultimately found inside the drawer of a nightstand in the room in which defendant was to sleep. Another police officer testified [*3]that he test-fired the handgun and determined that it was operable. Forensic evidence presented at trial established that defendant and his biological paternal relatives could be included as possible contributors to the DNA profile extracted from the handgun. In our view, it would not have been unreasonable for County Court to have discredited the victim's testimony and consequently reach a different verdict (see People v Delbrey, 179 AD3d 1292, 1294 [2020], lv denied 35 NY3d 969 [2020]). However, upon consideration of all of the evidence and deferring to County Court's credibility determinations, we are satisfied that the verdict is not against the weight of the evidence (see Penal Law §§ 265.03 [3]; 135.05; 120.14 [1]).
Defendant also argues that count 1 of the indictment charging criminal possession of a weapon in the second degree was facially insufficient in that it failed to allege that possession took place outside of defendant's home or business. As defendant correctly observes, Penal Law § 265.03 (3) provides that possession of a loaded firearm "shall not . . . constitute a violation of [that] subdivision if such possession takes place in [the defendant's] home or place of business." However, the home/business exception is inapplicable where, as here, a defendant has a prior criminal conviction; the inapplicability of the exception is not an element of the offense that need be included in the indictment (see People v Jones, 22 NY3d 53, 59-60 [2013]; People v Damon, 200 AD3d 1323, 1325 [2021]). Thus, contrary to defendant's contention, the absence of any allegation in count 1 of the indictment that defendant's possession of a loaded firearm took place outside of his home or place of business does not constitute a nonwaivable jurisdictional defect (see generally People v Iannone, 45 NY2d 589, 600-601 [1978]).
Defendant further argues that the integrity of the grand jury proceeding was impaired by prosecutorial wrongdoing — namely, the prosecutor inaccurately instructing the grand jury as to the elements of count 1 of the indictment. When a grand jury "proceeding . . . fails to conform to the requirements of [Penal Law] article [190] to such degree that the integrity thereof is impaired and prejudice to the defendant may result," such proceeding is defective (CPL 210.35 [5]). As relevant here, CPL 190.25 (6) provides that, "[w]here necessary or appropriate, the court or the [prosecutor], or both, must instruct the grand jury concerning the law with respect to its duties or any matter before it." Although "a [g]rand [j]ury need not be instructed with the same degree of precision that is required when a petit jury is instructed on the law" (People v Calbud, Inc., 49 NY2d 389, 394 [1980]), when the legal instructions provided "are so incomplete or misleading as to substantially undermine [the grand jury's] essential function, it may fairly be said that the integrity of that body has been impaired" (id. at 396; see People v Caracciola[*4], 78 NY2d 1021, 1022 [1991]).
Here, there is no dispute that the prosecutor erroneously instructed the grand jury that a prior criminal conviction was an element of criminal possession of a weapon in the second degree (see People v Jones, 22 NY3d at 59; People v Logan, 198 AD3d 1181, 1183 [2021], lv denied 37 NY3d 1162 [2022]). However, under the circumstances of this case, including that the crime charged in count 2 of the indictment did indeed require proof of a prior criminal conviction, we do not find such erroneous instruction to have impaired the integrity of the grand jury proceeding or to have created the potential for prejudice to defendant (see People v Calbud, Inc., 49 NY2d at 395; compare People v Batashure, 75 NY2d 306, 308-312 [1990]). Accordingly, dismissal of count 1 of the indictment is not warranted.
As a final matter, we are unpersuaded by defendant's contention that he received ineffective assistance of counsel (see People v Campbell, 196 AD3d at 838). Defendant's claim that counsel failed to adequately communicate and advise him of his sentencing exposure, appellate rights and choice between entering a guilty plea or proceeding to trial all involve matters outside the record and are thus more properly the subject of a CPL article 440 motion (see People v Hackett, 167 AD3d 1090, 1095 [2018]; People v Breault, 150 AD3d 1548, 1549 [2017]). To the extent that we have not addressed any of defendant's remaining arguments, they have been reviewed and found to be without merit.
Garry, P.J., Egan Jr., Aarons and McShan, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: The home exception set forth in Penal Law § 265.03 (3), which provides that possession of a loaded firearm within one's home or business does not constitute a violation of that subdivision, is inapplicable to defendant, as he has been previously convicted of a crime (see People v Jones, 22 NY3d 53, 57-59 [2013]).