People v Hoyt (2025 NY Slip Op 02241)

People v Hoyt

2025 NY Slip Op 02241

Decided on April 17, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 17, 2025

112201
[*1]The People of the State of New York, Respondent,
v
Adrian K. Hoyt, Appellant.

Calendar Date:February 13, 2025

Before:Egan Jr., J.P., Clark, Lynch, Powers and Mackey, JJ.

Richard L. Herzfeld, New York City, for appellant.
Mary E. Saitta, Special Prosecutor, Binghamton, for respondent.

Lynch, J.
Appeal from a judgment of the County Court of Broome County (Kevin Dooley, J.), rendered June 12, 2019, upon a verdict convicting defendant of the crimes of rape in the first degree and rape in the third degree.
Defendant was indicted on two counts of rape in the first degree and one count of rape in the third degree upon allegations that he raped two individuals with whom he had been intimately involved. The first degree rape counts pertained to incidents in 2015 and 2018 involving victim A, and the third degree rape count related to a 2016 incident involving victim B. The count pertaining to the 2015 incident was dismissed before trial for lack of legally sufficient evidence before the grand jury. Prior to trial, County Court made a series of evidentiary rulings that prohibited the People from eliciting certain Molineux and Sandoval evidence and denied their application to call a domestic violence expert to testify at trial. A jury trial ensued and defendant was convicted of the remaining counts. On the scheduled sentencing date, defendant maintained that he had filed a pro se CPL 330.30 motion to set aside the verdict on the basis of ineffective assistance of counsel and newly discovered evidence, and requested an adjournment of the proceedings for the court to consider his motion. County Court advised that it had not received such a motion and indicated that it would not consider a pro se application while defendant was represented by counsel. County Court then sentenced defendant, as a second violent felony offender, to consecutive prison terms of 11 years, to be followed by 20 years of postrelease supervision, on the first degree rape conviction and four years, to be followed by 15 years of postrelease supervision, on the third degree rape conviction. Defendant appeals.[FN1]
We agree with defendant that he was improperly excluded from bench conferences during jury selection prior to executing an Antommarchi waiver, but conclude that the error is not reversible under the circumstances.[FN2] "[A] defendant has a statutory right to be personally present at all material stages of a trial, including sidebar conferences" (People v Burton, 215 AD3d 1054, 1061 [3d Dept 2023] [internal quotation marks and citations omitted], lv denied 40 NY3d 927 [2023]; see CPL 260.20; People v Antommarchi, 80 NY2d 247, 250 [1992]). This right may be waived by "a voluntary, knowing and intelligent choice, and the waiver can be either express or implied" (People v Wilkins, 37 NY3d 371, 377-378 [2021] [internal quotation marks and citation omitted]). During jury selection, County Court advised the first panel of prospective jurors that they could approach the bench if they had something personal to share while being questioned and the court would "have the lawyers come up, and we'll discuss it at the bench." Three bench conferences were held during the questioning of this panel, at which four prospective jurors disclosed a personal history related to sexual abuse. Defendant [*2]does not appear to have been present at any of these bench conferences and County Court ultimately dismissed these jurors for cause. After the questioning of the first jury panel, but prior to the lodging of challenges by either party, the court advised defendant that he had the right to come up to the bench "each and every time [there was a sidebar discussion] during the course of the trial" and that, if he decided to remain at the defense table, the court would assume that he elected not to participate. Defendant stated that he understood and had no questions.
The right of a criminal defendant to be present at sidebar conferences extends to a sidebar interview with a prospective juror "which concerns that juror's bias or hostility" (People v Maher, 89 NY2d 318, 324 [1996]). This is "because of the potential input the defendant can give defense counsel in making discretionary choices during jury selection, based on impressions gained from seeing and hearing the juror's responses on voir dire" (People v Roman, 88 NY2d 18, 26 [1996]; see People v Wilkins, 37 NY3d at 377). Accordingly, defendant's exclusion from the sidebar questioning of such jurors pre-Antommarchi waiver was error (see People v Maher, 89 NY2d at 325; People v Antommarchi, 80 NY2d at 250). However, the error does not require reversal where, as here, the prospective jurors were excused by the court for cause (see People v Maher, 89 NY2d at 325; People v Elliot, 299 AD2d 731, 734 [3d Dept 2002]; People v Lucious, 269 AD2d 766, 768 [4th Dept 2000]; People v Roman, 217 AD2d 473, 474-475 [1st Dept 1995], affd 88 NY2d 18 [1996]), since the defendant's presence "could not have afforded him or her any meaningful opportunity to affect the outcome" (People v Roman, 88 NY2d at 26).
Defendant's ineffective assistance of counsel claim is also unavailing. "A claim of ineffective assistance of counsel must be supported with proof that the attorney failed to provide meaningful representation and that there were no strategic or other legitimate explanations for counsel's allegedly deficient conduct" (People v Flynn, 233 AD3d 1087, 1091 [3d Dept 2024] [internal quotation marks and citations omitted], see People v Benevento, 91 NY2d 708, 713 [1998]; People v Campbell, 196 AD3d 834, 838 [3d Dept 2021], lv denied 37 NY3d 1025 [2021]). Such a claim "will fail so long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (People v Campbell, 196 AD3d at 838 [internal quotation marks and citations omitted]; see People v Williams, 232 AD3d 1124, 1125 [3d Dept 2024]).
When considering the totality of the representation, none of the alleged shortcomings of counsel, either cumulatively or in isolation, deprived defendant of meaningful representation. The mere fact that counsel gave a brief opening statement does not, by itself, constitute ineffective assistance (see People [*3]v Moore, 185 AD3d 1544, 1545 [4th Dept 2020], lv denied 35 NY3d 1096 [2020]). Moreover, counsel's failure to question the jurors in the second round of jury selection, to cross-examine three trial witnesses, and to object to victim A's testimony detailing her prior sexual encounters with defendant may well have been strategic decisions (see generally People v Benevento, 91 NY2d at 712).[FN3] Although counsel did not offer into evidence victim's B's police statement in which she allegedly said that she did not say "no" to defendant prior to or during their sexual encounter or a text message exchange between victim A and victim B revealing a potential motive for victim A to lie, counsel probed each of these issues on cross-examination in an attempt to impeach their credibility (compare People v Taylor, 156 AD3d 86, 93 [3d Dept 2017], lv denied 30 NY3d 1120 [2018]). To the extent defendant suggests that counsel was ineffective for failing to request a jury instruction on consent pertaining to the first degree rape charge, we note that defendant was indicted under the forcible compulsion subsection of that offense (see Penal Law § 130.35 [1] [a]), for which an instruction relative to consent was provided. In sum, defense counsel provided zealous advocacy throughout this case, including by filing a successful pretrial motion to dismiss one of the rape charges, fruitfully arguing that the People should not be permitted to call a domestic violence expert to testify, extensively cross-examining the victims in an attempt to impeach their credibility, and giving a summation advocating for defendant's acquittal. Even considering the other alleged deficiencies raised by defendant — including that counsel did not advocate for a lesser sentence during the sentencing hearing — we conclude on this record that he received meaningful representation (see People v Howard, ___ NY3d ___, ___, 2025 NY Slip Op 00184, *1 [2025]).
Contrary to defendant's contention, County Court did not abuse its discretion by refusing to consider his pro se CPL 330.30 motion to set aside the verdict where, as here, no motion papers were filed prior to the sentencing hearing [FN4] and defendant was still represented by counsel at the time he made his oral application (see People v Toland, 2 AD3d 1053, 1056 [3d Dept 2003], lv denied 2 NY3d 808 [2004]; compare People v Sonds, 183 AD3d 919, 920 [2d Dept 2020]). Finally, under the circumstances of this case, we do not find the term or consecutive nature of the sentences to be unduly harsh or severe (see CPL 470.15 [6] [b]; People v Brisman, ___ NY3d ___, ___, 2025 NY Slip Op 00123, *1 [2025]).[FN5] Defendant's remaining contentions, to the extent not expressly addressed, have been considered and found lacking in merit.
Egan Jr., J.P., Clark, Powers and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: This Court denied defendant's motion pursuant to CPL 460.50 (1) for an order staying execution of the judgment pending appeal and release on recognizance. After the Broome County District Attorney's office filed a respondent's brief on the appeal, it recused itself from the matter and a special prosecutor was assigned. The special prosecutor adopted the previously filed respondent's brief in full.

Footnote 2: Although defendant's appellate brief generically states that he was excluded from "sidebar conferences" throughout the proceedings, he cites only the voir dire transcript in support of that contention.

Footnote 3: Contrary to defendant's suggestion, victim A's testimony detailing her prior sexual encounters with defendant did not violate County Court's pretrial Molineux ruling.

Footnote 4: The record contains a copy of a written, pro se, CPL 330.30 motion filed by defendant six days after he was sentenced.

Footnote 5: Defendant does not challenge County Court's legal authority to impose consecutive sentences under Penal Law § 70.25. Rather, he argues that County Court's discretionary decision to do so rendered the overall sentence unduly harsh and severe.