People v Enger
2026 NY Slip Op 04007
June 25, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Katherine A. Enger, Appellant.

Decided and Entered:June 25, 2026
CR-23-1438
Calendar Date: May 22, 2026
Before: Pritzker, J.P., Ceresia, Mcshan, Mackey And Corcoran, JJ.

Yorden C. Huban, Public Defender, Albany (James A. Bartosik Jr. of counsel), for appellant.
Lee C. Kindlon, District Attorney, Albany (Emily Schultz of counsel), for respondent.

[*1]
Appeal from a judgment of the County Court of Albany County (Andra Ackerman, J.), rendered December 2, 2022, convicting defendant upon her plea of guilty of the crimes of assault in the second degree, vehicular assault in the second degree, driving while ability impaired by the combined influence of drugs and reckless driving.
In 2021, defendant, while under the influence of several drugs, drove her vehicle across a double yellow line and collided head-on into another vehicle causing extensive serious injuries to the victim. Defendant was subsequently charged by indictment with assault in the second degree, vehicular assault in the second degree, driving while ability impaired by the combined influence of drugs and reckless driving. Defendant ultimately pleaded guilty to each count in the indictment with no sentencing commitment from the court. Upon consideration of, among other things, the substantial injuries to the victim, County Court sentenced defendant to a prison term of five years, to be followed by two years of postrelease supervision, for her conviction of assault in the second degree, and to lesser concurrent terms of incarceration for her remaining convictions. Defendant appeals, and we affirm.
Defendant requests that we reduce her sentence in the interest of justice because it is unduly harsh or severe. We disagree, as her decision to operate a vehicle in her condition presented a profound danger that was ultimately realized. To wit, defendant was driving in excess of 50 miles per hour when she struck the victim head-on, which resulted in the victim sustaining serious and longstanding injuries. In consideration of the catastrophic and serious nature of the injuries sustained by the victim of these crimes, as well as the fact that the operative sentence of five years of incarceration was less than the statutory maximum (see Penal Law § 70.02 [3] [c]), we are unpersuaded that the concurrent sentences are unduly harsh or severe and decline defendant's invitation to reduce her sentence in the interest of justice (see CPL 470.15 [6] [b]; People v Kuhn, 221 AD3d 1182, 1182-1183 [3d Dept 2023], lv denied 41 NY3d 1019 [2024]; People v Crowe, 111 AD3d 1164, 1165-1166 [3d Dept 2013], lv denied 22 NY3d 1155 [2014]; see also People v Ferguson, 193 AD3d 1253, 1259 [3d Dept 2021], lv denied 37 NY3d 964 [2021]; People v Peryea, 68 AD3d 1144, 1147 [3d Dept 2009], lv denied 14 NY3d 804 [2010]).
Pritzker, J.P., Ceresia, McShan, Mackey and Corcoran, JJ., concur.
ORDERED that the judgment is affirmed.