■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GABRIEL FULLARD, Appellant. [650 NYS2d 433] —White, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered May 13, 1994, upon a verdict convicting defendant of the crimes of assault in the first degree (two counts) and criminal possession of a weapon in the fourth degree.

As Antonio Matos, an off-duty public safety officer, was leaving a social event held on the campus of the State University

of New York at Binghamton (hereinafter SUNY), he noticed a large commotion taking place on a public highway. When he approached the scene, he saw two girls fighting and decided to intervene to end the altercation. According to Matos, when he attempted to separate the combatants, he was punched by several individuals in the crowd even though he had identified himself as a public safety officer. Because of the threatening situation, Matos attempted to back away, but he was soon surrounded. At this point, he began to grapple with Gerald Caesar and both fell to the ground. As they fought, others in the crowd kept attacking Matos. Ultimately, after three or four minutes, the crowd dispersed and Caesar fled. Shortly thereafter, Matos discovered that he had been cut and was bleeding. He was then taken to the hospital where he underwent surgery.

Subsequently, insofar as pertinent to this appeal, defendant and Michael Johnson, also known as Smoke, friends of Caesar, were indicted, on an acting-in-concert theory, for the crime of assault in the first degree under Penal Law § 120.10 (1) and (3). Following trial, defendant was convicted on both counts and sentenced to concurrent prison terms of 5 to 15 years. Defendant now appeals.

Defendant's primary argument is that the convictions were against the weight of the evidence. Under this standard of appellate review, we view the evidence in a neutral light, giving due deference to the jury's resolution of the credibility issue, to determine whether the jury gave the evidence the weight it should be accorded (*see, People v Bleakley*, 69 NY2d 490, 495; *People v Rose*, 215 AD2d 875, 877, *lv denied* 86 NY2d 801).

Here, the proof shows that prior to attending the SUNY affair, defendant and Smoke had prepared themselves for a fight with another group that was to occur at a high school by arming themselves with razors. Karim Dobson, a friend of defendant who went with him to SUNY, testified that he saw defendant and Smoke pull out razors and commence cutting Matos in any place they could as he was fighting with Caesar. Dobson further testified that following the fight, he, defendant and Smoke were chased by a group of Matos' friends, and during the chase both defendant and Smoke had their razors out. While riding from the scene in a cab, defendant told Dobson that he was upset because "he felt him and Smoke cut the kid up and the rest of us really didn't do nothing". Another friend of defendant, Corey Jones, who was with defendant before and after the incident, related to the jury that defendant and Smoke admitted that they "opened [Matos] up". Besides this testimony, the People adduced medical evidence showing that

Matos sustained a laceration that ran from his left upper chest to his right lower chest that penetrated through the skin, tissues and muscles to the rib cage. As the result of this injury, Matos received two units of blood and underwent surgery that left a permanent scar. Matos' doctor opined that, if this injury was left unattended, it "might have the potential to become life threatening".

Our analysis of the foregoing evidence leads us to conclude that the jury's verdict is not against the weight of the evidence for we cannot say that the jury's evaluation of the witnesses' credibility and the weight it accorded their testimony is unsupported by the record (*see, People v Russell*, 209 AD2d 650, 651).

We further find that the verdict is supported by legally sufficient evidence since the evidence, viewed in the light most favorable to the People, could lead a rational trier of fact to conclude that the elements of the crime of assault in the first degree under Penal Law § 120.10 (1) and (3) had been proven beyond a reasonable doubt (*see, People v Cabey*, 85 NY2d 417, 420; *People v Thompson*, 224 AD2d 646, *lv denied* 88 NY2d 970; *People v Jones*, 211 AD2d 645, *lv denied* 85 NY2d 863; *People v Riccardi*, 199 AD2d 432, *lv denied* 83 NY2d 809). Defendant's argument that the verdict is insufficient because the People failed to prove that he was acting in concert lacks merit as there is no distinction between liability as a principal, which defendant clearly was, or criminal culpability as an accomplice (*see, People v Rivera*, 84 NY2d 766, 769).

Lastly, considering the nature of the crime and defendant's wanton behavior, we do not view his sentence to be harsh or excessive (*see, People v Goyette*, 178 AD2d 681, 682, *lv denied* 79 NY2d 857). Furthermore, the mere fact that the sentence imposed by County Court is greater than the one offered as part of a plea bargain does not render the sentence excessive (*see, People v Stephens*, 219 AD2d 854, 855, *lv denied* 87 NY2d 851).

Cardona, P. J., Mercure, Casey and Carpinello, JJ., concur. Ordered that the judgment is affirmed.