*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 8, 2015                    105821
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

TINA KARUZAS,
                        Appellant.
_____

Calendar Date:   November 19, 2014

Before:  Lahtinen, J.P., Garry, Rose and Devine, JJ.

                        _____


        Cynthia Feathers, Glens Falls, for appellant.

        Robert M. Carney, District Attorney, Schenectady (Gerald A.
Dwyer of counsel), for respondent.

                        _____


Devine, J.

        Appeal from a judgment of the County Court of Schenectady
County (Hoye, J.), rendered January 18, 2013, upon a verdict
convicting defendant of the crime of manslaughter in the first
degree.

        Defendant and the victim became embroiled in an argument,
during which defendant fatally stabbed the victim.  Defendant was
charged by indictment with manslaughter in the first degree and,
following a jury trial, was convicted as charged.  County Court
sentenced defendant to a prison term of 20 years followed by five
years of postrelease supervision.  Defendant now appeals.

        Addressing first defendant's argument that the conviction
was against the weight of the evidence, such analysis requires us

-2-                          105821

to view the trial evidence in a neutral light and accord "appropriate deference to the jury's ability to view the witnesses and determine credibility" (People v Mateo, 101 AD3d 1458, 1459-1460 [2012], lv denied 21 NY3d 913 [2013]; see People v Bleakley, 69 NY2d 490, 495 [1987]; People v Powell, 101 AD3d 1369, 1370 [2012], lv denied 21 NY3d 1019 [2013]).  The victim and defendant were neighbors residing in the same apartment building.  On the night at issue, the victim became enraged by the loud music coming from a party taking place in defendant's apartment.  She banged on defendant's apartment door and allegedly told defendant that she wanted to engage in a fight outside.  At one point, people inside defendant's apartment could also hear the victim on her cell phone, threatening to fight defendant.  One witness averred that defendant, upon hearing a knock at her door, grabbed a knife from her bedroom and rushed to the door of her apartment, where she and the unarmed victim engaged in a struggle.  At one point during the altercation, defendant lunged toward the victim and stabbed her in the abdomen.  The victim returned to her apartment and a 911 call was made.  A responding police officer found a knife in defendant's bathroom sink and, thereafter, emergency responders located the victim on the floor of her bedroom with a severely eviscerated bowel.

Defendant testified that the victim had previously engaged in threatening conduct toward her and that, on the night of the incident, she heard the victim state on her cell phone that she was going to kill defendant.  Defendant further averred that, although she pulled out her knife in order to compel the victim to leave her apartment, when the victim refused to leave and engaged in a physical fight, defendant stabbed the victim. Overall, given its opportunity to observe the witnesses, the jury could reasonably infer that, in grabbing a knife before engaging in a fight with the victim, defendant intended to seriously injure the victim (see Penal Law § 125.20 [1]; People v Perry, 95 AD3d 1444, 1445 [2012], lvs denied 19 NY3d 995, 1000 [2012]). Moreover, despite defendant's testimony that her actions were justifiable in light of the victim's assaultive conduct inside defendant's home and in the presence of her children, we defer to the jury's "superior opportunity to assess credibility" and its ultimate rejection of defendant's justification defense (People v

Spencer, 89 AD3d 1156, 1157 [2011]; see People v Vanderhorst, 117 AD3d 1197, 1199-1200 [2014]; People v Brooks, 32 AD3d 616, 616-617 [2006], lv denied 8 NY3d 844 [2007]). Thus, we do not find the conviction to be contrary to the weight of the evidence.

We do, however, find merit in defendant's assertion that County Court's erroneous Sandoval ruling requires a reversal. The People sought the court's permission to cross-examine defendant about a previous guilty plea to a charge of harassment in the second degree based upon defendant's physical altercation with another woman, maintaining that such questioning would be useful to, among other things, impeach defendant's credibility. Despite defendant's objection that such line of questioning would have no probative value, the court allowed the proposed cross-examination, stating that such evidence of defendant's previous assault was "relevant" to "show that [defendant] can be physically aggressive" and, additionally, that such proof would speak to defendant's anticipated testimony that she had acted in self-defense. The court went on to indicate that the admission of such evidence would not unduly prejudice defendant inasmuch as the prior incident did not involve a weapon or result in serious physical injury.

Based upon County Court's authorization, the People cross-examined defendant at trial about the previous altercation, suggesting that defendant had instigated the fight and, further, emphasizing that defendant punched the woman with a closed fist, causing her to lose a tooth. Moments later, the People resumed its questioning about the altercation with the victim, asking defendant whether she baited the victim to come up to her apartment knowing that she would use a knife in a fight with the victim. As the questions regarding defendant's prior assault bore no relation to defendant's credibility, but rather served solely to illustrate defendant's propensity to initiate fights so that she could physically attack other people, we find that County Court abused its discretion in allowing such inquiries (compare People v Hayes, 97 NY2d 203, 207-208 [2002]). Accordingly, as defendant's guilt was not overwhelmingly established by the proof presented at trial and we "cannot say that there is no reasonable possibility that the error might have contributed to defendant's conviction," the judgment must be

reversed and the matter remitted for a new trial (<u>People v Mitchell</u>, 57 AD3d 1308, 1311 [2008]; <u>see</u> <u>People v Elmy</u>, 117 AD3d 1183, 1187 [2014]; <u>People v Brown</u>, 114 AD3d 1017, 1020 [2014]).

Finally, although there is some evidence suggesting that defendant's requested justification charge may have been warranted, in light of the instant disposition, we need not decide the issue.  Nor do we find it necessary to consider defendant's challenge to the sentence imposed by County Court.

Lahtinen, J.P., Garry and Rose, JJ., concur.

ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of Schenectady County for a new trial.

ENTER:

Robert D. Mayberger
Clerk of the Court