People v Hilton (2020 NY Slip Op 03823)





People v Hilton


2020 NY Slip Op 03823


Decided on July 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 9, 2020

109026

[*1]The People of the State of New York, Respondent,
v
Xavier Hilton, Appellant.

Calendar Date: May 18, 2020

Before: Garry, P.J., Clark, Aarons, Pritzker and Colangelo, JJ.


Linda B. Johnson, East Greenbush, for appellant.
Mary Pat Donnelly, District Attorney, Troy (George J. Hoffman of counsel), for respondent.



Aarons, J.
Appeal from a judgment of the County Court of Rensselaer County (Ceresia, J.), rendered November 3, 2016, upon a verdict convicting defendant of the crimes of criminal possession of a firearm and criminal possession of a weapon in the second degree.
In 2016, a police officer with the City of Troy Police Department chased defendant and observed him throw a black object. After defendant was secured, a search of the area revealed the discovery of a dark handgun. In connection with this incident, defendant was charged with criminal possession of a firearm, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. A jury trial was held, at which the count charging defendant with criminal possession of a weapon in the third degree was dismissed at the close of the People's proof upon defendant's motion. At the trial's conclusion, defendant was convicted of the remaining charges. County Court thereafter sentenced defendant to a term of imprisonment. Defendant appeals. We affirm.
Defendant argues that the verdict was not supported by legally sufficient evidence and was against the weight of the evidence because the proof did not establish that he possessed the discovered handgun. "When considering a challenge to the legal sufficiency of the evidence, we view the evidence in the light most favorable to the People and evaluate whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (People v Hernandez, 180 AD3d 1234, 1235 [2020] [internal quotation marks and citations omitted], lv denied ___ NY3d ___ [May 29, 2020]; see People v Montes, 178 AD3d 1283, 1284 [2019], lv denied 34 NY3d 1161 [2020]). When undertaking a weight of the evidence analysis, "[we] must determine whether a different finding would not have been unreasonable; [if not,] then, viewing the evidence in a neutral light and deferring to the factfinder's credibility assessments, we weigh the relative probative force of the conflicting testimony and the relative strength of the conflicting inferences that may be drawn from the testimony" (People v Shabazz, 177 AD3d 1170, 1171 [2019]; see People v Martinez, 166 AD3d 1292, 1293 [2018], lv denied 32 NY3d 1207 [2019]).
At trial, a police officer with the City of Troy Police Department stated that, on the day in question, he observed an image of defendant at the police station indicating that defendant was "wanted." Later, the police officer, while on patrol in his vehicle, observed defendant enter a store. The police officer stated that when defendant exited, he started to pull up toward defendant, at which point defendant saw the police officer's vehicle and ran away. The police officer chased after defendant on foot and, while doing so, he saw defendant's arm go up into the air and a black object flew out of his hand. The police officer testified that he was approximately five feet away from defendant when he saw the black object leave defendant's hand and that his pursuit of defendant was "very short." The police officer eventually apprehended and secured defendant and advised other officers who had arrived on the scene about the black object being thrown, as well as the area where he saw it was thrown. Upon a search of the area where defendant had thrown the black object, a dark handgun was discovered.
Another police officer, who assisted with the booking process of defendant at the police station, testified that, during such processing, he overheard part of a phone call that defendant was having with an unidentified female. The processing officer stated that defendant told the female that he was going to be going away, to which the female responded, "Why, because of the gun?" According to the processing officer, defendant answered in the affirmative to this question by the female. The processing officer also clarified that he misheard what defendant had told the female. He stated that he thought defendant said, "I was going away for some grown man shit," but that defendant had said that his son "was gonna be a grown man and shit."
Viewing the foregoing evidence, including the photographs of the handgun where it was discovered, in the light most favorable to the People, we reject defendant's assertion that the evidence was not legally sufficient to show that he possessed the handgun (see People v Smith, 173 AD3d 1441, 1442-1443 [2019], lvs denied 34 NY3d 951, 954 [2019]; People v Picart, 171 AD3d 799, 800 [2019], lv denied 33 NY3d 1072 [2019]; People v Durham, 146 AD3d 1070, 1074 [2017], lvs denied 29 NY3d 997, 1078 [2017]). Nor do we agree with defendant's weight of the evidence argument. Although a contrary result would not have been unreasonable, after viewing the evidence in a neutral light and deferring to the jury's resolution of the witnesses' credibility, we are satisfied that the verdict was supported by the weight of the evidence (see People v Oliver, 135 AD3d 1188, 1191 [2016], lv denied 27 NY3d 1003 [2016]; People v Butler, 126 AD3d 1122, 1123 [2015], lv denied 25 NY3d 1199 [2015]).
Defendant's contention that County Court erred in denying his motion for a mistrial is without merit. The record reflects that the prosecutor asked the police officer if, prior to the day in question, he knew who defendant was, to which the police officer merely responded, "Yes." After the response, defendant immediately objected and moved for a mistrial on the basis that any familiarity that the police officer had with him was prejudicial in that the only purpose of such proof was to show that he had bad character. The court denied the motion finding that the question was not prejudicial and that the response thereto did not indicate that the police officer's prior familiarity with defendant was in a criminal context. Because we discern no error in the court's rationale, the denial of the motion did not constitute an abuse of discretion (see People v Conway, 179 AD3d 1218, 1220 [2020], lv denied 35 NY3d 941 [2020]; People v Johnson, 176 AD3d 1392, 1396 [2019], lvs denied 34 NY3d 1129, 1131 [2020]). We further note that the court alleviated any prejudice by striking the question and response and instructing the jury that they were not to be considered evidence (see People v Young, 48 NY2d 995, 996 [1980]; People v Conway, 179 AD3d at 1220).
We reject defendant's prosecutorial misconduct argument premised upon the prosecutor's remarks on summation pertaining to defendant's phone conversation with the unidentified female. In our view, the remarks were not improper because they were fair comment on the evidence (see People v Nunes, 168 AD3d 1187, 1193 [2019], lv denied 33 NY3d 979 [2019]). Furthermore, the remarks were not pervasive and flagrant so as to deprive defendant of a fair trial (see People v Glass, 150 AD3d 1408, 1411 [2017], lv denied 30 NY3d 1115 [2018]). Defendant's remaining challenges to the prosecutor's comments made on either opening or closing statements are not preserved due to the absence of a timely objection thereto (see People v Fragassi, 178 AD3d 1153, 1156-1157 [2019], lv denied 34 NY3d 1128 [2020]). Even if preserved, these remarks were either fair comment on the evidence or responsive to defense counsel's summation. To that end, defendant's ineffective assistance of counsel claim premised upon his counsel's failure to object to the allegedly prejudicial comments is without merit (see People v Watkins, 180 AD3d 1222, 1233-1234 [2020]; People v Kerley, 154 AD3d 1074, 1076 [2017], lv denied 30 NY3d 1106 [2018]).
Defendant acknowledges that his counsel failed to make a proper motion challenging the makeup of the jury pool and asserts that such failure constituted ineffective assistance. We disagree. Other than cursory observations made by two jurors, there is no evidence in the record showing that the absence of any particular racial group was due to a flawed selection process intended to exclude such group. As such, defendant's argument that he received ineffective assistance of counsel based upon an improper motion is unavailing (see People v Levy, 52 AD3d 1025, 1028 [2008]).
Defendant also contends that he received ineffective assistance based upon counsel's failure to admit the recording of the entire phone call made between defendant and the unidentified female. Counsel, however, had a legitimate trial strategy to draw the jury's attention to the processing officer's lack of credibility. Indeed, counsel vigorously cross-examined the processing officer about his recollection about the conversation in the phone call. Furthermore, by not admitting the recording, the jury was precluded from hearing any inculpatory statements made therein by defendant. Because defendant failed to show "the absence of strategic or other legitimate explanations for counsel's alleged failure" (People v Nicholson, 26 NY3d 813, 831 [2016]; see People v Turner, 172 AD3d 1768, 1772 [2019], lvs denied 34 NY3d 930, 939 [2019]), we are unpersuaded by this specific claim of ineffective assistance of counsel.
Defendant did not request a circumstantial evidence charge and, therefore, his assertion that County Court erred by not giving it is unpreserved (see People v Ash, 162 AD3d 1318, 1322 [2018], lv denied 32 NY3d 1002 [2018]). In any event, even assuming that the People's proof consisted solely of circumstantial evidence and that a circumstantial evidence charge was warranted (see People v Hardy, 26 NY3d 245, 249 [2015]), any failure to give such charge was harmless given that the circumstantial evidence of defendant's guilt was overwhelming and "there simply [was] no reasonable possibility, let alone significant probability that the jury would have acquitted here if the circumstantial evidence charge had been given" (People v Brian, 84 NY2d 887, 889 [1994]; see People v Jackson, 140 AD3d 1771, 1771-1772 [2016], lv denied 28 NY3d 931 [2016]). That said, when assessing counsel's representation in its entirety, we do not agree with defendant that the failure to request a circumstantial evidence charge, by itself, amounted to ineffective assistance (see People v McCoy, 169 AD3d 1260, 1265-1266 [2019], lv denied 33 NY3d 1033 [2019]; People v Ramos, 133 AD3d 904, 909 [2015], lv denied 26 NY3d 1143, 1149 [2016]; People v Gunney, 13 AD3d 980, 983 [2004], lv denied 5 NY3d 789 [2005]). In this regard, the record discloses that counsel made pretrial motions, delivered cogent opening and closing statements, raised successful objections, thoroughly cross-examined the People's witnesses and obtained the dismissal of one count of the indictment. Accordingly, defendant received meaningful representation (see People v Flores, 84 NY2d 184, 189 [1994]; People v Stetin, 167 AD3d 1245, 1250-1251 [2018], lv denied 32 NY3d 1178 [2019];People v Scaringe, 137 AD3d 1409, 1418 [2016], lv denied 28 NY3d 936 [2016]).
Garry, P.J., Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.