People v Rodriguez (2020 NY Slip Op 04205)





People v Rodriguez


2020 NY Slip Op 04205


Decided on July 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 23, 2020

109882

[*1]The People of the State of New York, Respondent,
v
Carlos Rodriguez, Appellant.

Calendar Date: June 26, 2020

Before: Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ.


Martin J. McGuinness, Saratoga Springs, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Hogan, J.), rendered September 13, 2017 in Schenectady County, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.
In satisfaction of a four-count indictment, defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree. Under the terms of the plea agreement, he was required to waive his right to appeal and was to be sentenced as a second felony offender to four years in prison, followed by a period of postrelease supervision ranging from 1½ to 3 years. He was also required to pay restitution in the amount of $140. Supreme Court imposed a prison term of four years and a three-year period of postrelease supervision. It also issued an order directing him to pay $170 in restitution. Defendant appeals.
Initially, defendant contends that his appeal waiver is invalid. Based upon our review of the record, we agree. Although Supreme Court advised defendant that the right to appeal was separate and distinct from other trial-related rights automatically forfeited by his guilty plea, it did not ensure that he appreciated the right that he was relinquishing or understood the consequences of doing so (see People v Burnell, 183 AD3d 931, 932 [2020]; People v Dolder, 175 AD3d 753, 754 [2019]; People v Alexander, 174 AD3d 1068, 1068 [2019], lv denied 34 NY3d 949 [2019]). In addition, the court did not confirm that defendant was aware of the provisions of the written appeal waiver after reviewing it with counsel. Notably, the written waiver was very broad, foreclosing defendant from pursuing collateral remedies such as CPL article 440 motions and/or writs of error coram nobis and habeas corpus in state or federal courts. Given that the waiver purported to encompass certain nonwaivable rights, it is not enforceable (see People v Thomas, 34 NY3d 545, 566 [2019]; People v Martz, 181 AD3d 979, 980 [2020]; People v Barrales, 179 AD3d 1313, 1314-1315 [2020]).
Absent a valid appeal waiver, defendant is not precluded from challenging the severity of the sentence (see People v Miller, 166 AD3d 1385, 1386 [2018], lv denied 32 NY3d 1207 [2019]; People v Pittman, 166 AD3d 1243, 1244 [2018], lv denied 32 NY3d 1176 [2019]). He maintains that a 1½-year period of postrelease supervision should have been imposed. We are not persuaded. The three-year period of postrelease supervision was within the range agreed to by defendant as part of the plea agreement. In view of this, and considering defendant's lengthy criminal record, we find no extraordinary circumstances or any abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Latifi, 171 AD3d 1351, 1351 [2019]; People v Lussier, 109 AD3d 1023, 1023 [2013]).
Supreme Court did not mention the amount of restitution during sentencing, and the People concede that the court committed a clerical error in ordering restitution in the amount of $170, rather than $140. To correct this error, and because the court failed to set forth the time and manner for paying such restitution, we modify the judgment by vacating the restitution order and remitting for the court to issue a new restitution order and an amended uniform sentence and commitment form (see People v Durham, 110 AD3d 1145, 1145-1146 [2013]; see also People v Deschaine, 116 AD3d 1303, 1304 [2014], lv denied 23 NY3d 1019 [2014]).
Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating the restitution order; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.