People v Damon (2021 NY Slip Op 07034)





People v Damon


2021 NY Slip Op 07034


Decided on December 16, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 16, 2021

112005
[*1]The People of the State of New York, Respondent,
v
Alvin Damon, Appellant.

Calendar Date:October 21, 2021

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Colangelo, JJ.

Theresa M. Suozzi, Saratoga Springs, for appellant.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.



Aarons, J.
Appeal from a judgment of the Supreme Court (McDonough, J.), rendered March 8, 2019 in Albany County, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the second degree and menacing a police officer or peace officer.
In June 2018, police officers approached defendant who they believed was involved in an April 2018 shooting. Defendant fled, and a foot pursuit ensued. During the pursuit, defendant used a bystander as a shield and drew a handgun. After a detective drew his gun in response, defendant threw his handgun to the ground. Defendant was subsequently subdued, and a handgun was recovered. As a result of this incident, defendant was charged by indictment with criminal possession of a weapon in the second degree and menacing a police officer or peace officer. A jury trial was held, after which defendant was convicted as charged. Supreme Court sentenced defendant to concurrent prison terms, the greatest of which was 10 years, to be followed by five years of postrelease supervision. Defendant appeals. We affirm.
Defendant contends that the verdict was against the weight of the evidence.[FN1] As to the count charging defendant with criminal possession of a weapon in the second degree, the People were obligated to prove beyond a reasonable doubt that defendant possessed a loaded firearm (see Penal Law § 265.03 [3]). As relevant here, menacing a police officer or peace officer requires that the People prove beyond a reasonable doubt that defendant "intentionally place[d] or attempt[ed] to place a police officer . . . in reasonable fear of physical injury, serious physical injury or death by displaying a deadly weapon, . . . pistol, revolver . . . or other firearm, whether operable or not, where such officer was in the course of performing his or her official duties and . . . defendant knew or reasonably should have known that such victim was a police officer" (Penal Law § 120.18).
The trial testimony establishes that a detective with the Albany Police Department, as well as other law enforcement officials, approached defendant in connection with an investigation of an April 2018 shooting. The detective testified that, in response, defendant fled from his porch where he was sitting. Defendant was seen putting his hand into his waistband before running. The detective pursued defendant, during which defendant grabbed an individual, spun the individual toward him like a shield and drew a handgun. The detective drew his firearm and told defendant, "Don't do it. Let me see your hands." The detective was concerned that defendant would start shooting at him, but defendant instead threw his handgun on the ground. Another officer testified similarly to the detective's account of the events and also stated that he secured the handgun dropped by defendant. The recovered handgun was test-fired and was deemed operable.
Regarding the conviction of criminal possession of a weapon in the second degree, a [*2]contrary result would have been unreasonable in view of the consistent testimony from multiple witnesses that defendant drew a handgun after fleeing from law enforcement officials and the evidence demonstrating that the handgun was operable (compare People v Ruffin, 191 AD3d 1174, 1178 [2021], lv denied 37 NY3d 960 [2021]). For this reason, defendant's argument that the menacing a police officer or peace officer conviction was not supported by the weight of the evidence because there was no evidence showing that defendant possessed a handgun is without merit. Accordingly, the verdict will not be disturbed on this basis.
Defendant argues that Supreme Court erred in granting the People's application to reopen their case after the parties had rested. In particular, the purpose of reopening was to allow the People to submit a special information alleging that defendant was previously convicted of criminal mischief in the fourth degree in order to show that such conviction rendered the home or business exception provided in Penal Law § 265.03 (3) inapplicable. According to defendant, the People were required to tender such proof as part of their case-in-chief with respect to the weapon possession charge. Contrary to defendant's assertion, however, "where [a] defendant has a previous conviction, the [home or business] exception never comes into play [and] its inapplicability is not an element of the offense" (People v Jones, 22 NY3d 53, 60 [2013]).
Supreme Court nonetheless permitted the People to reopen their case to submit evidence of defendant's prior conviction. Even assuming that the People were obligated to prove the inapplicability of the home or business exception as part of their case-in-chief, "'reopening is permissible where the missing element is simple to prove and not seriously contested, and reopening the case does not unduly prejudice the defense'" (People v Kinney, 66 AD3d 1238, 1240 [2009], quoting People v Whipple, 97 NY2d 1, 3 [2001]). Whether defendant had a prior conviction was simple to prove. Defendant was given the option of admitting to the prior conviction or having the People offer evidence to prove it, with defendant choosing the latter. Defendant also recognized there was no prejudice in permitting the People to reopen their case. As such, the court properly granted the People's application (cf. People v Edwards, 148 AD2d 746, 747 [1989], lvs denied 74 NY2d 807, 808 [1989]).
Defendant challenges Supreme Court's Molineux ruling permitting the People to offer into evidence a video depicting defendant as being involved in an April 2018 shooting but not being the shooter. "Courts must determine as a matter of law whether the evidence is relevant, material and admissible under a Molineux exception or some other basis; after this initial determination, admissibility turns on a case-specific discretionary balancing of probity versus prejudice" (People v Westerling, 48 AD3d 965, 966 [2008] [citations omitted]; see [*3]People v Smith, 157 AD3d 978, 979-980 [2018], lvs denied 31 NY3d 1087 [2018]; People v McCommons, 143 AD3d 1150, 1153 [2016], lvs denied 29 NY3d 999, 1001 [2017]). The court correctly concluded that the video evidence was relevant to the issue of defendant's access to the handgun (see People v Nunes, 168 AD3d 1187, 1192 [2019], lv denied 33 NY3d 979 [2019]; People v Wells, 141 AD3d 1013, 1019 [2016], lvs denied 28 NY3d 1183, 1189 [2017]). The probative value of this video, however, did not outweigh the potential prejudice to defendant. The video depicted a shooter knocking on a door in broad daylight, brandishing a handgun and then firing it multiple times. Defendant was not the shooter but was clearly present with him at the time of this shooting. Accordingly, even with limiting instructions, the video should not have been admitted (see People v Scaringe, 137 AD3d 1409, 1417 [2016], lv denied 28 NY3d 936 [2016]). Notwithstanding the foregoing, any error in Supreme Court's Molineux ruling was harmless. There was overwhelming evidence of defendant's guilt, and no significant probability exists that defendant would have been acquitted but for this error (see People v Williams, 156 AD3d 1224, 1230 [2017], lv denied 31 NY3d 1018 [2018]; People v Anderson, 149 AD3d 1407, 1412 [2017], lv denied 30 NY3d 947 [2017]).
Defendant argues that he received the ineffective assistance of counsel. The litany of grievances alleged by defendant, however, either concern trial strategies, for which defendant failed to demonstrate the absence of strategic or other legitimate explanations (see People v Cowan, 177 AD3d 1173, 1178 [2019], lv denied 34 NY3d 1127 [2020]; People v Vargas, 72 AD3d 1114, 1119 [2010], lv denied 15 NY3d 758 [2010]), or the failure to make arguments that would have had little chance of success (see People v Leonard, 177 AD3d 1158, 1163 [2019], lv denied 34 NY3d 1160 [2020]). The record discloses that counsel made cogent opening and closing statements, engaged in pretrial motion practice, vigorously cross-examined the People's witnesses and raised successful objections. Accordingly, defendant's ineffective assistance of counsel argument is unavailing (see People v Hilton, 185 AD3d 1147, 1151 [2020], lv denied 35 NY3d 1095 [2020]; People v Horton, 181 AD3d 986, 998 [2020], lv denied 35 NY3d 1045 [2020]).
As to the imposed sentence, a sentence falling within the statutory parameters may be modified where an abuse of discretion or extraordinary circumstances exists (see People v Hightower, 186 AD3d 926, 932 [2020], lv denied 35 NY3d 1113 [2020]). The record reflects that neither is present and, therefore, the sentence will not be disturbed (see People v Gunn, 144 AD3d 1193, 1196 [2016], lv denied 28 NY3d 1145 [2017]; People v Dolphy, 257 AD2d 681, 685 [1999], lv denied 93 NY2d 872 [1999]). Lastly, the mere fact that the imposed sentence was greater than what was offered in a pretrial plea offer does not render the sentence harsh or excessive[*4](see People v Fullard, 233 AD2d 757, 759 [1996], lv denied 89 NY2d 1092 [1997]). Defendant's remaining contentions have been considered and are without merit.
Garry, P.J., Egan Jr., Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: To the extent that defendant contends that the verdict was not supported by legally sufficient evidence, such contention is unpreserved given that defendant failed to renew his trial motion to dismiss after Supreme Court granted the People's application to reopen their case-in-chief and the People submitted additional proof (see generally People v Lane, 7 NY3d 888 [2006]).