People v Roberts (2022 NY Slip Op 02157)





People v Roberts


2022 NY Slip Op 02157


Decided on March 31, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 31, 2022

112362
[*1]The People of the State of New York, Respondent,
v
Vandyke Roberts, Appellant.

Calendar Date:February 9, 2022

Before:Lynch, J.P., Clark, Aarons, Colangelo and Fisher, JJ.

Hug Law, PLLC, Albany (Matthew C. Hug of counsel), for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Aarons, J.
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered November 26, 2019, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the second degree.
After fleeing in his vehicle from police officers, defendant was seen holding a handgun and ran into a house. Defendant was subsequently secured and, upon a search of the house, a handgun was discovered. In connection with this incident, defendant was charged by indictment with criminal possession of a weapon in the second degree and criminal possession of stolen property in the fourth degree. Prior to trial, defendant's motion to suppress the gun was denied. A jury trial ensued, after which defendant was convicted of criminal possession of a weapon in the second degree and sentenced to a term of imprisonment. Defendant appeals.
Defendant argues that the search warrant was not valid because it provided an inaccurate address of the place to be searched and, therefore, his motion to suppress should have been granted. The warrant at issue authorized the search of 1013 Pleasant Street, which was the address for the first-floor residence of a multifamily house. The handgun, however, was found in the second-floor residence after a search of such residence, which had an address of 1015 Pleasant Street. Notwithstanding this discrepancy, the warrant application, as well as the warrant, noted that the specific residence to be searched was located on the second floor of the house. As County Court found, the warrant application and supporting documentation were sufficiently detailed to permit law enforcement to search the correct premises. "[T]aking into account that hypertechnical accuracy and completeness of the description of the searched premises is not required" (People v Vandebogart, 158 AD3d 976, 978 [2018], lv denied 31 NY3d 1089 [2018]), the suppression motion was correctly denied (see People v Carpenter, 51 AD3d 1149, 1150 [2008], lv denied 11 NY3d 786 [2008]).
Defendant contends that the verdict was not supported by legally sufficient evidence or, alternatively, was against the weight of the evidence. As to the legal sufficiency contention, it is not preserved because defendant failed to renew his trial motion to dismiss after the close of all proof (see People v Smith, 193 AD3d 1260, 1261 [2021], lv denied 37 NY3d 968 [2021]). As to defendant's weight of the evidence contention, "we decide whether, based on all the credible evidence, a different finding would not have been unreasonable, and then, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn therefrom" (People v Bryant, 200 AD3d 1483, 1484 [2021] [internal quotation marks, brackets and citation omitted]; see People v Hilton, 185 AD3d 1147, 1148 [2020], lv denied 35 NY3d 1095 [2020]). For criminal possession of a weapon in the second degree, the People were [*2]obligated to prove, as relevant here, that defendant possessed any loaded firearm outside of his home or place of business (see Penal Law § 265.03 [3]).
The trial testimony establishes that a police officer with the City of Schenectady Police Department approached defendant's vehicle and asked defendant for identification after it was discovered that the vehicle was parked in a handicapped spot without a proper permit. After the officer checked the identification and returned to the vehicle, defendant drove away. The officer and his partner followed defendant and eventually saw him stop and enter a house through the back entrance. A contractor who was working nearby testified that he saw defendant's vehicle pull up beside him and that defendant "jumped out with a gun in his hand." The contractor described the gun as a silver and black handgun. The contractor also stated that he saw defendant "put the gun by his midsection" and then go into a house. The officer testified that defendant eventually came out of the house. A search of the second-floor residence of the house revealed a silver handgun with a black and brown handle in a garbage bag, as well as live rounds located in some clothing.
Initially, a contrary result would not have been unreasonable given that there was no DNA evidence linking defendant to the handgun and in view of defendant's proof that multiple people lived in the second-floor residence (see People v Ruffin, 191 AD3d 1174, 1178 [2021], lv denied 37 NY3d 960 [2021]). Furthermore, there was only one witness who testified seeing defendant holding the handgun. Nevertheless, the jury was entitled to credit the testimony of the contractor, and nothing in the record discloses that the contractor was incredible as a matter of law. Deferring to the jury's assessment of witness credibility and viewing the evidence in a neutral light, the verdict was not against the weight of the evidence (see People v Hilton, 185 AD3d at 1149; People v Linares, 167 AD3d 1067, 1070 [2018], lv denied 33 NY3d 950 [2019]).
We agree, however, with defendant's argument that he was deprived of a fair trial based upon the admission of a jail phone call wherein he stated that he might as well "cop out to
. . . the five years or whatever." The People portrayed this evidence as relevant to show defendant's consciousness of guilt. Even if relevant, evidence of consciousness of guilt is generally considered weak (see People v Raymond, 81 AD3d 1076, 1076 [2011]). That said, defendant's statement that he contemplated taking a plea had little probative value but had a prejudicial effect on him. In this regard, "[s]ince it is widely assumed that only the guilty would consider entering a guilty plea, the knowledge that defendant wanted to plead guilty would make it difficult for the jury to accept the presumption of innocence and to evaluate the evidence fairly" (People v Martinez, 164 AD2d 826, 827 [1990], lv denied 76 NY2d 1022 [1990]).
We also agree [*3]with defendant's argument that he was prejudiced by the prosecutor's comment on summation that defendant, in the jail phone call, stated that "[h]e need[ed] to get a paid lawyer to see if he can get lesser time." The prosecutor argued to the jury that this statement went to defendant's consciousness of guilt. A prosecutor, however, cannot use a defendant's invocation of his or her constitutional right to counsel against such defendant (see People v Al-Kanani, 26 NY2d 473, 478 [1970]). It follows that any commentary to this effect is improper. Accordingly, defendant was prejudiced by the prosecutor's summation (see People v Credle, 124 AD3d 792, 792-793 [2015], lv denied 25 NY3d 1161 [2015]; cf. People v Dashnaw, 85 AD3d 1389, 1392 [2011], lv denied 17 NY3d 815 [2011]).
The errors that the jury heard that defendant contemplated taking a plea and that the prosecutor commented about defendant's request for counsel were not harmless (see People v Hunt, 18 AD3d 891, 892-893 [2005]; see generally People v Crimmins, 36 NY2d 230, 237-238 [1975]). Although defendant's arguments on these points are unpreserved, under the circumstances of this case, we deem it necessary to exercise our interest of justice jurisdiction and reverse and order a new trial (see CPL 470.15 [6] [a]). Based upon our determination, defendant's remaining contentions are academic.
Lynch, J.P., Clark, Colangelo and Fisher, JJ., concur.
ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of Schenectady County for a new trial.