People v Rickett (2025 NY Slip Op 06756)

People v Rickett

2025 NY Slip Op 06756

Decided on December 4, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 4, 2025

110906 CR-23-0113
[*1]The People of the State of New York, Respondent,
v
Anthony Rickett, Appellant.

Calendar Date:October 15, 2025

Before:Pritzker, J.P., Reynolds Fitzgerald, Ceresia, McShan and Powers, JJ.

Steven M. Sharp, Albany, for appellant.
Mary Pat Donnelly, District Attorney, Troy (Glenn Green of New York Prosecutors Training Institute, Albany, of counsel), for respondent.

Ceresia, J.
Appeals (1) from a judgment of the County Court of Rensselaer County (Debra Young, J.), rendered October 17, 2018, upon a verdict convicting defendant of the crime of manslaughter in the first degree, and (2) by permission, from an order of said court, entered January 13, 2023, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, after a hearing.
In July 2017, defendant was indicted on a single count of murder in the second degree in connection with the stabbing death of the victim. Following a jury trial, defendant was acquitted of the murder charge but convicted of the lesser included offense of manslaughter in the first degree. At sentencing, defendant purportedly waived his right to appeal and County Court sentenced him, as a second violent felony offender, to a prison term of 15 years, to be followed by five years of postrelease supervision. Defendant thereafter moved to vacate the judgment of conviction pursuant to CPL 440.10, which motion was denied by the court following a hearing. Defendant appeals from the judgment and, by permission, from the denial of his CPL 440.10 motion.
As a preliminary matter, while a defendant may waive his or her right to appeal following a jury verdict (see People v Leflore, 154 AD3d 1164, 1164 [3d Dept 2017], lv denied 30 NY3d 1106 [2018]), the waiver in this case is invalid. Prior to sentencing, the People sought to have defendant sentenced as a persistent violent felony offender, but they then came to an agreement with defendant whereby he would receive the abovementioned sentence as a second violent felony offender in exchange for admitting to a prior conviction and waiving his right to appeal. However, as the People now concede, the written waiver executed by defendant was overbroad (see People v Rodriguez, 185 AD3d 1296, 1297 [3d Dept 2020]), and County Court's oral colloquy did not cure this defect (see People v Rivera, 212 AD3d 942, 944 [3d Dept 2023], lv denied 39 NY3d 1113 [2023]). 
Turning to defendant's arguments on appeal, defendant first contends that the trial evidence is legally insufficient, and the verdict is against the weight of the evidence, because the proof did not demonstrate the requisite intent and the witnesses who identified him as the perpetrator were not credible. With regard to legal sufficiency, although defendant raised these arguments in a motion for a trial order of dismissal at the close of the People's case, he failed to preserve them for appellate review by renewing his motion after presentation of his own evidence (see People v Colvin, 218 AD3d 1016, 1017 [3d Dept 2023], lv denied 40 NY3d 1038 [2023]). Furthermore, defendant forfeited the right to challenge the legal sufficiency of the evidence against him by affirmatively requesting that the jury be charged with the lesser included offense of which he was convicted (see People v Shaffer, 66 NY2d 663, 664-665 [1985]; People v Branton, 238 AD3d 1429, 1430 [3d Dept 2025]; People v Green[*2], 60 AD3d 1320, 1321 [4th Dept 2009], lv denied 12 NY3d 915 [2009]; People v Kearney, 25 AD3d 622, 623 [2d Dept 2006], lv denied 6 NY3d 849 [2006]). Still, defendant's weight of the evidence challenge "obliges this Court to assess whether each element of the crime[ ] for which he was convicted was proven beyond a reasonable doubt" (People v Diaz, 213 AD3d 979, 980 [3d Dept 2023], lv denied 40 NY3d 928 [2023]). As relevant here, a person commits manslaughter in the first degree when, "[w]ith intent to cause serious physical injury to another person, he [or she] causes the death of such person" (Penal Law §125.20 [1]). "As an implicit but necessary element of each and every crime, the People must prove beyond a reasonable doubt the identity of the defendant as the person who committed the crime" (People v Grady, 233 AD3d 1369, 1370-1371 [3d Dept 2024] [internal quotation marks, brackets and citations omitted], lv denied 43 NY3d 963 [2025]).
At trial, the People adduced evidence that, a few days before the stabbing, a friend of the victim saw the victim steal crack cocaine from defendant at gunpoint. When the friend encountered defendant, whom she knew as "Mike," later that night, he appeared to be very angry, stating that he was looking for the victim and was going to kill him. On the date in question, several people were present in an apartment in the City of Troy, Rensselaer County, including three who testified at trial. Two of these witnesses indicated that the victim was in a bedroom when they observed defendant enter the apartment with a knife in his hand, yelling for the victim. Defendant was heard saying, "I'm going to kill you." These two witnesses saw defendant walk into the bedroom and then exit the bedroom, followed by the victim, who was bleeding from chest wounds. The third witness could see into the bedroom, where she viewed an individual hitting the victim in the chest multiple times with a knife in his hand. This witness did not identify defendant as the assailant, but she testified that she later learned that this person was known as Mike. After the victim came out of the bedroom, he was transported to the hospital, where he died of hemorrhage caused by a stab wound to the heart. Defendant testified in his own defense, stating that he did not kill the victim nor did he know him or any of the People's witnesses. He admitted that he goes by the name of Mike, among other names.
An acquittal would not have been unreasonable had the jury credited defendant's testimony over that of the People's witnesses (see People v Sutton, 174 AD3d 1052, 1053 [3d Dept 2019], lv denied 34 NY3d 954 [2019]). Nevertheless, viewing the evidence in a neutral light and deferring to the jury's credibility determinations, the verdict is supported by the weight of the evidence (see People v Stowe, 240 AD3d 946, 949 [3d Dept 2025]; People v Roberts, 203 AD3d 1465, 1467 [3d Dept 2022]). That is, the proof showed that defendant, who had a motive to kill the victim[*3], was observed entering the bedroom while carrying a knife and threatening the victim, immediately before the victim emerged with mortal stab wounds. Cognizant of the circumstantial nature of this evidence, we are satisfied that the "inference of guilt is the only one that can fairly and reasonably be drawn from the facts, and that the evidence excludes beyond a reasonable doubt every reasonable hypothesis of innocence" (People v Baque, 43 NY3d 26, 30 [2024] [internal quotation marks and citation omitted]; accord People v Stowe, 240 AD3d at 949). To the extent that defendant contends that the witnesses against him were incredible as a matter of law based upon their admitted criminal histories and drug use, these issues were explored at trial and presented credibility issues for the jury to resolve (see People v Franklin, 216 AD3d 1304, 1311 [3d Dept 2023], lv denied 40 NY3d 934 [2023]). As for defendant's assertion that the requisite intent was lacking, this claim is belied by the circumstances surrounding the stabbing, including defendant's threats to the kill the victim, his decision to bring a knife to confront the victim and the severity of the victim's injuries (see People v Mercer, 221 AD3d 1259, 1263 [3d Dept 2023], lv denied 41 NY3d 1003 [2024]; People v Serrano, 200 AD3d 1340, 1345 [3d Dept 2021], affd 38 NY3d 1180 [2022]; People v Karuzas, 124 AD3d 927, 928 [3d Dept 2015]). 
Next, defendant contends that the People committed a Brady violation by refusing to disclose the names of two witnesses who were unable to identify defendant in photo arrays. However, upon order from County Court following motion practice, defendant was not only provided this information but was also granted a six-week adjournment of the trial in order to perform further investigation. Under these circumstances, defendant had a meaningful opportunity to use the Brady material and was not deprived of a fair trial (see People v Sherwood, 204 AD3d 1162, 1164 [3d Dept 2022], lv denied 39 NY3d 964 [2022]; People v Serrano, 99 AD3d 1105, 1107 [3d Dept 2012], lv denied 20 NY3d 1014 [2013]).
Defendant also raises various arguments in connection with testimony given by a police officer to the effect that three individuals had identified defendant in photo arrays as the person who committed the stabbing. However, these claims — concerning the failure to follow statutory guidelines for blind procedures (see CPL 60.25 [1]; 60.30), improper bolstering and violation of the right of confrontation — are all unpreserved for appellate review (see People v Vega, 239 AD3d 896, 897 [2d Dept 2025], lv denied 44 NY3d 995 [2025]; People v Davis, 200 AD3d 1200, 1203 [3d Dept 2021]; People v Richardson, 162 AD3d 1328, 1330 [3d Dept 2018], lv denied 32 NY3d 1128 [2018]).
Defendant makes an additional confrontation argument regarding testimony that an individual, who did not testify at trial, called the police and named defendant as the perpetrator of the stabbing. Even assuming that this claim [*4]was sufficiently preserved, the phone call did not serve to violate defendant's right of confrontation, as it was "properly admitted to complete the narrative and explain the sequence of events leading to . . . defendant's arrest" (People v Grace, 179 AD3d 1092, 1093 [2d Dept 2020], lv denied 35 NY3d 993 [2020]; see People v Richardson, 162 AD3d at 1330; People v Irvin, 111 AD3d 1294, 1295 [4th Dept 2013], lv denied 24 NY3d 1044 [2014]).
Turning to defendant's appeal from the denial of his CPL 440.10 motion, defendant contends that trial counsel failed to properly investigate two potential alibi witnesses and call them at trial. More specifically, defendant's girlfriend would have testified that defendant had dinner at her apartment around the time the stabbing occurred, and defendant's daughter was prepared to testify that she met up with him on the street and talked with him during that same time frame. Regarding counsel's supposed failure to investigate these witnesses, this claim is belied by the hearing evidence, which revealed that counsel or his investigator spoke to these witnesses and counsel was aware of the alibi nature of their proposed testimony. 
With respect to the fact that counsel did not call these witnesses to testify at trial, defendant bears the "burden of demonstrating the absence of strategic or other legitimate explanations" for counsel's conduct (People v Hymes, 34 NY3d 1178, 1179 [2020] [internal quotation marks and citation omitted]; see People v Goberdhan, 241 AD3d 992, 1002 [3d Dept 2025], lv denied ___ NY3d ___ [Oct. 15, 2025]). "It is not for this [C]ourt to second-guess whether a course chosen by defendant's counsel was the best trial strategy, or even a good one, so long as defendant was afforded meaningful representation" (People v Satterfield, 66 NY2d 796, 799-800 [1985]; accord People v Dunham, 231 AD3d 1437, 1442 [3d Dept 2024], lv denied 43 NY3d 963 [2025]).
Here, the record reflects that counsel had a valid strategic reason for choosing not to present an alibi defense (see People v VanDeusen, 129 AD3d 1325, 1327 [3d Dept 2015], lv denied 26 NY3d 972 [2015]; People v Cruz, 61 AD3d 1111, 1112 [3d Dept 2009]; compare People v Lanier, 191 AD3d 1094, 1096 [3d Dept 2021]). That is, as counsel testified at the hearing, defendant had provided various alibis which in counsel's view appeared inherently inconsistent, and counsel was unable to confirm which, if any, were true. Further, we note that defendant's hearing testimony was at odds with that of his girlfriend in terms of the specific timeline of events on the date of the stabbing. As for the daughter, in a sworn statement that was admitted into evidence at the hearing, she references having seen defendant on a different date than when the stabbing occurred. With regard to any alleged discrepancies between counsel's investigative notes and his personal recollection on the witness stand, the notes were admitted into evidence and County Court therefore had the [*5]opportunity to consider them when assessing counsel's credibility. In addition to the foregoing, upon review of counsel's representation in its totality, we observe that counsel made appropriate motions, obtained favorable pretrial rulings, effectively cross-examined the People's witnesses and, importantly, obtained an acquittal on the top count of murder. Accordingly, we are satisfied that defendant received meaningful representation (see People v Lewis, 224 AD3d 1143, 1155 [3d Dept 2024], lv denied, 42 NY3d 939 [2024]; People v Shabazz, 211 AD3d 1093, 1101 [3d Dept 2022], lv denied 39 NY3d 1113 [2023]).
Pritzker, J.P., Reynolds Fitzgerald, McShan and Powers, JJ., concur.
ORDERED that the judgment and the order are affirmed.